```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTOPHER NICHOLAS KOONCE,

                    Plaintiff,                              MEMORANDUM
                                                            DECISION AND ORDER
        -against-
                                                            07-CV-5058 (BMC)
TEAMSTER LOCAL 804;
UNITED PARCEL SERVICE,

                    Defendants.
------------------------------------------------------------X
```

**COGAN, District Judge:**

On December 4, 2007, plaintiff Christopher Nicholas Koonce, appearing *pro se*, filed this action alleging that his union failed to represent him. By Order dated December 28, 2007, the Court granted plaintiff's request to proceed *in forma pauperis* and directed plaintiff to file an amended complaint within 30 days. On January 23, 2008, plaintiff filed an amended complaint.

## BACKGROUND

In the original complaint, plaintiff, formerly employed by United Parcel Service ("UPS") as a driver, alleged that he was "suspended multiple time's and targeted many time's for filing grievances." Complaint at ¶ III (statement attached). He further alleged that his union shop steward, Alex of Teamsters Local 804, failed to act on his grievances, specifically one that was filed on March 13, 2007, and that he was terminated from employment on April 5, 2007. The Court dismissed the complaint as to defendants Alex of the Teamsters Local 804 and Mike Stump of UPS, as there is no individual liability, see Morris v. Local 819, Intern. Broth. of Teamsters, 169 F.3d 782, 784 (2d Cir. 1999), and directed plaintiff to file an

amended complaint to name the proper parties and to provide further information in support of his duty of fair representation claim.

## DUTY OF FAIR REPRESENTATION

In the prior Order, the Court advised plaintiff that a union breaches its duty of fair representation ("DFR") when its conduct is "arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190, 87 S.Ct. 903, 916 (1967) (citations omitted); Barr v. United Parcel Serv., Inc., 868 F.2d 36, 43 (2d Cir. 1989). A plaintiff has six months from the time his claim accrues to bring an action under § 301 of the Labor Management Relations Act ("LMRA") for breach of fair representation. See 29 U.S.C. § 160(b); DelCostello v. Intern. Broth.. of Teamsters, 462 U.S. 151, 169-72, 103 S.Ct. 2281, 2293-94 (1983). The statute of limitations for LMRA actions against the union accrues when plaintiff knew or reasonably should have known that the union has breached its duty. Cohen v. Flushing Hosp. & Med. Ctr., 68 F.3d 64, 67 (2d Cir. 1995). Because plaintiff filed this action on December 4, 2007, the action would be time-barred if plaintiff knew or should have known before June 4, 2007, that such a breach had occurred.

Here, plaintiff's amended complaint relies on the same dates as provided in the original complaint. For example, plaintiff alleges that he filed a grievance with the union on March 13, 2007 and that he was sent telegrams on two dates, March 25, 2007 and April 5, 2007. See Amended Complaint (attached statement). Plaintiff alleges that he believed he would get an arbitration hearing between those dates. Id. Even if the six month period of limitations was tolled during that period, the action is nevertheless untimely since plaintiff knew he was terminated on April 5, 2007 and yet he filed the action on December 4, 2007, nearly eight months later. See, e.g., Sheehan v. U.S. Postal Service, 6 F.Supp.2d 141, 146

(N.D.N.Y. 1997) (citing cases). Thus, to the extent plaintiff has provided the Court with relevant dates, these dates show that his claims against the union exceed the six-months statute of limitations period and are therefore time-barred. Cohen, 68 F.3d at 68-69.

## CONCLUSION

Accordingly, having provided plaintiff with an opportunity to amend his complaint to show that his duty of fair representation claim was timely filed, and plaintiff having failed to do so, the action, filed *in forma pauperis*, is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917, 920-21 (1962).

**SO ORDERED:**

/Signed by Judge Brian M. Cogan/
U.S.D.J.

Dated: Brooklyn, New York
January 30, 2008